Delmar REHM, Plaintiff,

v.

The QUAKER OATS COMPANY, and
Local Union 221, AFL–CIO (Direct
Affiliated), Defendants.

Civ. A. No. 79–162.

United States District Court,
M. D. Pennsylvania.

Aug. 24, 1979.

Richard W. Cleckner, Cleckner & Fearen,
Michael I. Levin, Harrisburg, Pa., for plaintiff.

Ira H. Weinstock, Harrisburg, Pa., for the
Union.

Eric L. Brossman, Norman I. White, Harrisburg, Pa., for Quaker Oats;  Theodore A.
Woerthwein, Chicago, Ill., of counsel.

## MEMORANDUM

CONABOY, District Judge.

Plaintiff, Delmar Rehm, has brought this
action against his former employer, the
Quaker Oats Company (Company), and his

collective bargaining representative, Local 221, (Direct Affiliated), AFL–CIO (Union). Rehm, a Union member, alleges that the Defendant Company violated the provisions of the Collective Bargaining Agreement by discharging him without good cause, as required by the agreement. He also alleges that the Defendant Union violated its duty of fair representation of him in the enforcement of his rights under the Bargaining Agreement and arbitrarily, discriminatorily and in bad faith deprived him of his employment rights and the right to a fair hearing. Jurisdiction was alleged under § 301 of the Labor Management Relations Act (Taft-Hartley Act), 29 U.S.C. § 185.

■ The Company has filed a Motion to Dismiss the action for failure to state a claim upon which relief can be granted. In support of its motion, the Company alleges that the Complaint fails to allege the requisite complete exhaustion of intra-union remedies, or that all efforts to pursue such remedies have been frustrated, and that it fails to support its allegations that Defendant Union arbitrarily, discriminatorily and in bad faith deprived Plaintiff Rehm of his employment rights. After consideration of the allegations of the Complaint in light of the principles outlined below, we find merit in Defendant Company's contentions, and therefore its Motion to Dismiss will be granted.

■ For purposes of a Motion to Dismiss, the Court must accept the facts alleged in the Complaint as true, and construe them in the light most favorable to the non-moving party. See Landy v. Federal Deposit Ins. Corp., 486 F.2d 139 (3d Cir. 1973). Applying this standard to the allegations of Plaintiff's Complaint, we find that he fails to plead sufficient facts to support his claim for relief.

■ The gravamen of Plaintiff's Complaint is that he was wrongfully dismissed from his employment with Quaker in violation of the Collective Bargaining Agreement in effect at that time. He invokes the jurisdiction of this Court under § 301 of the Labor Management Relations Act. The Supreme Court in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 sets the following requirements for an employee to obtain judicial review of his breach of contract claim under that Statute: First, since the employee's claim is based upon breach of the Collective Bargaining Agreement, he is bound by terms of that agreement which govern the manner in which contractual rights may be enforced. For this reason, it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement. Vaca, supra, at 184, 87 S.Ct. 903.

Because these grievance and arbitration procedures are most often in the control of the Union and the employer, the Court in Vaca did recognize certain exceptions to the exhaustion of remedies requirement: ". . . the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance. A breach of the statutory duty of fair representation occurs only when a Union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith. Vaca, supra, 186, 190, 87 S.Ct. 914–915.

In his Complaint, Plaintiff Rehm alleges that after his grievance was found not to be arbitrable because his request for arbitration was not timely filed, he attempted to obtain review of the Union's actions under internal Union remedies, and that the Defendant Local Union refused to comply with his requests. However, this allegation is not substantiated by facts which would indicate what procedures he attempted to follow. In a similar suit in which the Plaintiff employee sought to bring an action for wrongful dismissal where the Plaintiff also alleged that the Local Union thwarted his attempts to pursue his grievance, the Court found that inaction by the Local Union was not a justification for failure to pursue intra-Union remedies further. "It is no excuse that it would have been futile to

present plaintiff's grievances to the local officers. The plaintiff was obliged to comply with the intra-union appeal procedure; and absent such compliance, the courts lack jurisdiction to hear the complaint." *Pawlak v. International Brotherhood of Teamsters, Local Union No. 764, et al.*, 444 F.Supp. 807, 811 (Pa.). Even if the Local Union officers did not act on Plaintiff's request, he has failed to allege that he tried to pursue any further remedy, or that none was available. Therefore, we must agree with the Defendant's contention that the Complaint fails to allege the requisite complete exhaustion of internal Union remedies, nor does it allege that all efforts to pursue such procedures have been frustrated.

Under the principles of the *Vaca* case outlined above, Plaintiff may be excused from the exhaustion requirement if he can show that the Union breached its duty of fair representation in its handling of his case. In order to do so, Plaintiff must show that Defendant Union's conduct in representing him was arbitrary, discriminatory or in bad faith. Plaintiff has alleged in his Complaint that the Union acted in this manner in handling his grievance, but he fails to support this conclusory statement with facts. It may be that the Union representative's failure to timely file Plaintiff's request for arbitration was improperly motivated or otherwise a breach of his duty of fair representation, but from the bare allegations of this Complaint we find no facts pleaded to support such a conclusion. While brevity in pleading is to be commended, a Plaintiff is required to plead sufficient facts to allow a Defendant to understand the nature of the claim and to fully prepare a defense.

Therefore, it is our determination that the Defendant's Motion to Dismiss the Complaint for failure to state a claim must be granted, and an appropriate Order dismissing the Complaint, but allowing Plaintiff twenty (20) days in which to amend will be entered.